IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW MCNEAL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br><br> ARCELORMITTAL USA, INC., *et al.,* <br><br> Defendants. | CIVIL ACTION <br> NO. 15-03517 |

PAPPERT, J.                                                                                                  December 29, 2015

**MEMORANDUM**

   On November 12, 2015, the Court issued an order remanding this case to the Philadelphia County Court of Common Pleas. (ECF No 86.) The Court concluded that it lacked subject-matter jurisdiction because Section 301 of the Labor Management Relations Act ("LMRA") did not preempt claims brought by Plaintiffs Matthew McNeal, Sean Flood and Mark Tarloski (collectively "Plaintiffs") against Arcelormittal USA, LLC ("AM USA") and Arcelormittal Plate LLC ("AM Plate") (collectively "Defendants"). Critical to this analysis was a finding that Plaintiffs may sustain a cause of action under Pennsylvania common law premised upon duties independent of the collective-bargaining agreement ("CBA"). *See McNeal v. ArcelorMittal USA, Inc.*, No. CV 15-03517, 2015 WL 7014654, at *6 (E.D. Pa. Nov. 12, 2015). Accordingly, the Court held that Plaintiffs' claims did not require an interpretation of the CBA and that Section 301 did not preempt their lawsuit.

1

On November 25, 2015, Defendants filed a motion for reconsideration of the Court's decision to remand the case. (ECF No. 88.) For the reasons set forth below, the Court denies the motion.[1]

## I.

Federal Rule of Civil Procedure 59(e) allows a party to bring a motion for reconsideration in order to correct "manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also Kennedy Indus. v. Aparo*, Civ. A. No. 04-5967, 2006 WL 1892685, at *1 (E.D. Pa. Jul. 6, 2006). The Third Circuit Court of Appeals has stated that the party seeking reconsideration must demonstrate "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Given a court's interest in the finality of its judgments, "[m]otions for . . . reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." *PBI Performance Products, Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 744 (E.D. Pa. 2007) (internal citation and quotation marks omitted). Reconsideration is not permitted simply to allow a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). "It is improper on a

---

[1] The Court remanded the related case, *McNeal et al. v. Arcelormittal USA, Inc. et al.*, 2:15-cv-03534, which has identical allegations and presented the same preemption issues as this case. As discussed in a footnote order issued in that action, the Court does not have jurisdiction to reconsider its decision to remand the case in that proceeding since the clerk of court has already sent a certified copy of the remand order to the state court. *See* 28 U.S.C. § 1447(c) ("A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."); *see also Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 356 (3d Cir. 2013) ("At the moment of mailing—the jurisdictional event—the remand order became unreviewable 'on appeal or otherwise.'"). Since a certified copy of the remand order has not yet been sent to the state court in this action, the Court has not yet lost jurisdiction and may address the Defendants' motion.

motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993) (quotations omitted). "Mere dissatisfaction with the court's ruling is not a proper basis for reconsideration." *E.E.O.C. v. Dan Lepore & Sons Co.*, No. 03-5462, 2004 WL 569526, *2 (E.D. Pa. March 12, 2004).

## II.

Defendants argue that the Court's order remanding the case "constitutes a clear error of law that will create manifest injustice in these circumstances." (Mot. for Recons. at 2, ECF No. 88.) In their motion, however, Defendants do not raise any issues or arguments that were not previously briefed, discussed at oral argument and/or included in the Court's opinion. Instead, Defendants' motion reads as a clear "attempt to convince the court to rethink a decision it has already made." *Hollander v. Etymotic Research, Inc.*, 726 F. Supp. 2d 543, 558 (E.D. Pa. 2010) (denying motion for reconsideration) (internal citation and quotation marks omitted). In essence, Defendants advance two arguments in their motion: (1) Section 301 preempts Plaintiffs' claims because they require an interpretation of the CBA; and (2) the Court wrongly held that *Kiehl v. Action Mfg. Co.*, 517 Pa. 183 (1987) "established a common law duty on the part of a parent corporation to the employees of its subsidiary corporation to provide a safe workplace." (Defs.' Reply at 1, ECF No. 90.)

Defendants' argument that Section 301 preempts Plaintiffs' claims because they require an interpretation of the CBA is unavailing. According to the Defendants, Plaintiffs' "claims will rely on interpretation of the CBA as each one of these functions fall within duties which have been negotiated and agreed upon by the parties to the CBA." (Mot. for Recons. at 5, ECF No. 88.) As the Court stated in its November 12, 2015 opinion (the "Remand Opinion"), however,

3

parallelism between the duties in the CBA and the duties allegedly breached does not "render[] the state-law analysis dependent upon the contractual analysis." *McNeal*, 2015 WL 7014654, at *7 (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 408–09 (1988)).

Defendants summarily argue that Plaintiffs' complaint requires an interpretation of the CBA: "the parties to the CBA expressly defined their respective duties and obligations concerning the above functions, safety and work place conditions." (Mot. for Recons. at 5, ECF No. 88.) Nothing in their argument, however, refutes the critical precept articulated by the Third Circuit Court of Appeals and discussed in the Remand Opinion that "employees have the option of vindicating their interests by means of either a section 301 action *or* an action brought under state law, as long as the state-law action as-pleaded does not require interpretation of the collective bargaining contract." *Voilas v. Gen. Motors Corp.*, 170 F.3d 367, 373–74 (3d Cir. 1999) (emphasis added); *see also McNeal*, 2015 WL 7014654, at *6. Thus, the key inquiry is not whether Plaintiffs' claims "relate to a subject . . . contemplated by the CBA. . . . Rather, the dispositive question here is whether [Plaintiffs'] state claims require *any interpretation* of a provision of the CBA." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 255–56 (3d Cir. 2004) (emphasis in original) (internal citation omitted).

Defendants do not advance any arguments to demonstrate how Plaintiffs' claims require an interpretation of the CBA. *See, e.g., Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 217–18 (1985) (holding that Section 301 preempted plaintiff's claims because the defendant's duties "derive from the rights and obligations established by the contract" that was incorporated by reference into the CBA). Rather, they repeat a fallacy—parallelism between the CBA and the complaint must mean Section 301 preemption—that the Third Circuit and the Court has previously rejected. *See, e.g., McNeal*, 2015 WL 7014654, at *7; *Kline*, 386 F.3d at 255–56;

*Stellar v. Allied Signal, Inc.*, 98 F. Supp. 3d 790, 802 (E.D. Pa. 2015).  As the Court discussed in the Remand Opinion, Plaintiffs may maintain their claim pursuant to an independent common law cause of action separate and apart from the CBA.  That is sufficient to defeat Section 301 preemption.  *See McNeal*, 2015 WL 7014654, at *7.

Defendants argue that no such common law duty exists and that instead, the sole duty owed to Plaintiffs derives from the CBA.  They suggest that the Court erroneously accepted the contention that the *Kiehl* decision "established a common law duty on the part of a parent corporation to the employees of its subsidiary to provide a safe workplace."  (Defs.' Reply at 1, ECF No. 90.)  This is a mischaracterization of the Court's discussion of *Kiehl*.  In its Remand Opinion, the Court never stated that the *Kiehl* decision *created* a duty for parent companies.  Rather, the Court stated that the Supreme Court of Pennsylvania in that case held that "employees of a wholly-owned subsidiary *may* bring a lawsuit against the parent company for its independent acts of negligence."  *McNeal*, 2015 WL 7014654, at *5 (citing *Kiehl*, 517 Pa. at 190) (emphasis added)).  In order to do so, however, there must be facts sufficient to demonstrate that the parent company exercised "such control over the employee that they are effectively the employer, and thus owe a common law duty to maintain a safe work environment."  *Id.* (citing *Kiehl*, 517 Pa. at 188–89.)  Thus, *Kiehl* did not attach duties to parent companies to provide a safe workplace *per se*, but merely allowed them to be subject to liability if they undertook such a duty.  *See McNeal*, 2015 WL 7014654, at *5.

Defendants' motion and supporting memorandum repeat the same arguments the Court previously considered and rejected.  They are accordingly unable to overcome the strong presumption that a prior order shall not be disturbed and their motion for reconsideration is denied.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.